**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BADRIA PETROS,

    Plaintiff,

v.                                                           Case No. 08-CV-11688-DT

MEIJER GREAT LAKES LIMITED
PARTNERSHIP, et al.,

    Defendants.
                                            /

**ORDER SETTING SHOW CAUSE HEARING**

On February 22, 2008 Plaintiff Badria Petros initiated this lawsuit in Wayne County Circuit Court against Defendants Meijer Great Lakes Limited Partnership ("MGLLP"), Rebecca Willis, Janice Stothers, Aaron Massel, Jon-Jay Associates, Inc. ("Jon-Jay") and Taryn Barnes. On April 21, 2008, Defendant MGLLP filed a "Notice of Removal to Federal Court." The notice alleges that the court has subject matter jurisdiction because Plaintiff's state law claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 301. (Notice at ¶ 7.) Plaintiff's claims arise out of her termination from MGLLP, and MGLLP alleges that "[s]ome or all of these claims are based on and/or require interpretation of a collective bargaining agreement between [D]efendant MGLLP and plaintiff's union." (*Id.* at ¶ 4.)

On April 28, 2008, the court issued an order to show cause why this case should not be remanded to state court because the notice did not appear to meet the unanimity requirement set forth in 28 U.S.C. § 1446. MGLLP timely responded to the court's show cause order on May 2, 2008. However, after reviewing MGLLP's response and further considering the allegations in the complaint, the court finds that a hearing is necessary

to determine whether this action was properly removable. In addition to the concerns raised in the court's April 28, 2008 order to show cause, the parties should be prepared to discuss whether *any* of Plaintiff's state law claims are actually preempted by the LMRA. The court's inclination is to find that the claims asserted in Plaintiff's complaint are independent from the collective bargaining agreement governing her employment with MGLLP and are thus not preempted by § 301 of the LMRA. The Sixth Circuit has set forth a two-part test to determine whether a state-law claim is sufficiently independent to survive § 301 preemption:

> First, courts must determine whether resolving the state-law claim would require interpretation of the terms of the collective bargaining agreement. If so, the claim is preempted. Second, courts must ascertain whether the rights claimed by the plaintiff were created by the collective bargaining agreement, or instead by state law. If the rights were created by the collective bargaining agreement, the claim is preempted. In short, if a state-law claim fails either of these two requirements, it is preempted by § 301.

*Mattis v. Massman,* 355 F.3d 902, 906 (6th Cir. 2004) (citing *DeCoe v. General Motors Corp.,* 32 F.3d 212, 216 (6th Cir. 1994)). On initial review, the court is not persuaded that Plaintiff's claims meet this standard. The court will hear further argument on the issue, however, at a show cause hearing. Accordingly,

IT IS ORDERED that Defendant MGLLP is ORDERED to show cause on **May 21, 2008, at 2:00 p.m.**, why this case should not be remanded to Wayne County Circuit Court for lack of subject matter jurisdiction.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: May 15, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 15, 2008, by electronic and/or ordinary mail.

                                           S/Lisa Wagner
                                           Case Manager and Deputy Clerk
                                           (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\08-11688.PETROS.Unanimity.LMRAPreemption.wpd
3