# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BADRIA PETROS,

    Plaintiff,

v.                               Case No. 08-CV-11688-DT

MEIJER GREAT LAKES LIMITED
PARTNERSHIP, et al.,

    Defendants.
                                      /

**OPINION AND ORDER GRANTING PLAINTIFF'S "MOTION TO REMAND"
AND REMANDING CASE TO WAYNE COUNTY CIRCUIT COURT**

Pending before the court Plaintiff Badria Petros's "Motion to Remand," filed on May 21, 2008. The parties were fully heard at a hearing conducted on May 21, 2008, and no further briefs are necessary. For the reasons stated below, the court will grant the motion.

## I. BACKGROUND

On February 22, 2008, Plaintiff initiated this lawsuit in Wayne County Circuit Court against Defendants Meijer Great Lakes Limited Partnership ("MGLLP"), Rebecca Willis, Janice Stothers, Aaron Massel, Jon-Jay Associates, Inc. ("Jon-Jay") and Taryn Barnes. On April 21, 2008, Defendant MGLLP filed a "Notice of Removal to Federal Court." The notice alleged that the court has subject matter jurisdiction because Plaintiff's state law claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 301. (Notice at ¶ 7.) Plaintiff's claims arise out of her termination from MGLLP, and MGLLP alleges that "[s]ome or all of these claims are

based on and/or require interpretation of a collective bargaining agreement between [D]efendant MGLLP and plaintiff's union." (*Id.* at ¶ 4.)

On April 28, 2008, the court issued an order to show cause why this case should not be remanded to state court because the notice did not appear to meet the unanimity requirement set forth in 28 U.S.C. § 1446. MGLLP timely responded to the court's show cause order on May 2, 2008, and also filed a motion to amend its notice of removal. After reviewing MGLLP's response and further considering the allegations in the complaint, the court found that a hearing was necessary to determine whether this action was properly removable. Specifically, the court wanted to hear further argument on whether *any* of Plaintiff's state law claims are actually preempted by the LMRA. The court set a hearing date and, on May 20, 2008, one day before the hearing, Defendant MGLLP filed a "Memorandum of Authorities In Support of Subject Matter Jurisdiction" setting forth its position on LMRA preemption. Further, on May 21, 2008, Plaintiff filed a motion to remand, arguing that because Jon-Jay did not consent to the removal, MGLLP's notice of remand was procedurally defective.[1]

The court conducted a show cause hearing on May 21, 2008, on whether the case, in whole or in part, should be remanded to Wayne County Circuit Court for lack of subject matter jurisdiction. Having fully heard the parties, the court concludes that

---

[1]At the May 21, 2008 hearing, counsel for MGLLP indicated that it did not need an opportunity to file a formal response to Plaintiff's motion to remand. Instead, MGLLP adopted by reference all of its previous arguments in favor of removal which had been submitted to the court in response to the court's show cause order.

removal was procedurally improper and will remand this matter to Wayne County Circuit Court.

## II. DISCUSSION

The procedures that defendants must follow to remove a case to federal court are set forth in 28 U.S.C. § 1446. Under that section, each served defendant must file, or join in, the notice of removal within thirty days after each received its copy of the initial complaint. This provision has been interpreted to require that defendants unanimously consent to removal. See *Knickerbocker v. Chrysler Corp.*, 728 F. Supp. 460, 461 (E.D. Mich. 1990); see also *Knowles v. Hertz Equipment Rental Co.*, 657 F.Supp. 109, 110 (S.D. Fla. 1987) ("Removal is permissible only if all defendants named in the state action join in the petition for removal."); *Clyde v. National Data Corp.*, 609 F.Supp. 216, 218 (N.D. Ga. 1985) ("[U]nanimity [in the removal by all served defendants] must be expressed to the court within the thirty day period, whether by petition, written consent or oral consent.").

In this case, there is no dispute that although by the time of the removal both Defendants MGLLP and Jon-Jay had been served, MGLLP's notice did not contain any indication "by way of 'an official filing or voicing of consent'" that Jon-Jay joined in the removal. See *Knickerbocker*, 728 F. Supp. at 461. Defendant MGLLP argues that an exception to the unanimity requirement applies because the Bullard-Plawecki Employee Right-To-Know Act claim is "non-removable [and] is completely unrelated factually to any of the removable claims asserted against Meijer." (MGLLP's Resp. to Order to

Show Cause and Br. in Supp. of Mot. for Leave to Amend Notice of Removal 4-5.)[2] The court disagrees. Although our circuit recognizes an exception to the unanimity requirement when "the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)," *Klein*, 1994 WL 91786 at 9 n.8, this exception is inapplicable to the claims asserted by Plaintiff. The exception has been clearly explained as follows: "when a separate and independent claim that is removable under § 1441(c) is joined with the non-removable claims, only the defendant to the separate and independent claim need seek removal." *Demeulenaere v. Farm Bureau Ins. Co.*, No. 99-413, 1999 U.S. Dist. LEXIS 17700 at *7 (W.D. Mich. Nov. 8, 1999). The removal at issue here does not fit this exception, because Plaintiff's Bullard-Plawecki Employee Right-To-Know Act claim is not separate and independent . "Claims are not separate and independent simply because they are asserted in different causes of action or in separate counts or derive from different primary rights. Rather, the claims must arise from different sets of acts or transactions and different wrongs inflicted upon the plaintiff." *Dunn v. Ayre*, 943 F. Supp. 812, 814 (E.D. Mich 1996) (citing *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 13-14 (1951); *Williams v. Huron Valley School Dist.*, 858 F. Supp. 97, 99 (E.D. Mich. 1994)).

---

[2]Meijer also correctly argues that the court lacks authority to remand this matter *sua sponte* for a procedural defect. *See Loftis v. United Parcel Service, Inc.,* 342 F.3d 509, 516-17 (6th Cir. 2003) ("It is true that technical defects in the removal procedure, such as a breach of the rule of unanimity, may not be raised *sua sponte*, and must be raised by a party within thirty days of removal or they are waived.") (citing 28 U.S.C. § 1447(c); *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995)). However, inasmuch as Plaintiff timely filed her own motion to remand based on the lack of unanimity in Meijer's "Notice of Removal," this argument has become moot.

Here, Plaintiff's complaint includes, in addition to the state Bullard-Plawecki Employee Right-To-Know Act claim (Count VII) against Defendants MGLLP and Jon-Jay, the potentially preempted state claims of slander (Count II), libel (Count III) and invasion of privacy-publication (Count V). (*See generally*, Pl.'s Compl.) Plaintiff's potentially preempted state claims of slander, libel and invasion of privacy, all involve allegations that the dissemination of information about the incident caused Plaintiff emotional damages. Although the Bullard-Plawecki Employee Right-To-Know Act claim statutory violation could be categorized as a technical or minor violation, it involves the same type of wrong, particularly with respect to the damage calculation,[3] as Plaintiff's claims of slander, libel and invasion of privacy.

Defendant MGLLP failed to show the Bullard-Plawecki Employee Right-To-Know Act claim is "separate and independent" from the Plaintiff's aforementioned potentially preempted claims, and thereby fails to carry its burden of showing that removal was proper. *See Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-454 (6th Cir. 1996) (citing *Carson v. Dunham,* 121 U.S. 421, 425-26 (1887)) (stating that the removing defendants bear the burden of establishing federal subject matter jurisdiction). Therefore, where, as here, "the federal claims are transactionally related to the state claims, removal may be taken under the supplemental jurisdiction statute, 28 U.S.C. § 1367. However, all properly joined and served Defendants still must join in the removal

---

[3] Plaintiff alleges that "[a]s a direct and proximate result of said statutory violations, Plaintiff has suffered embarrassment and humiliation and incurred costs and attorney fees in the enforcement of her rights." (Pl.'s Compl. ¶ 75.)

5

notice pursuant to § 1446." *Dunn*, 943 F. Supp. at 814. Because Defendant Jon-Jay did not join in or consent to removal, the removal was improper.[4]

Finally, the court rejects MGLLP's alternative argument that Jon-Jay's consent was not necessary because it had entered into an agreement to settle prior to the removal. As conceded by counsel at the May 21, 2008 hearing, there is no material dispute that Jon-Jay and Plaintiff did not finalize their agreement to settle until after the removal was filed and, to date, Jon-Jay has not been dismissed from this lawsuit. Accordingly, Jon-Jay's consent was necessary but not obtained and MGLLP's notice of removal was fatally defective for lack of unanimity.[5]

### III. CONCLUSION

For the reasons stated above, Plaintiff's "Motion to Remand" [Dkt. # 15] is GRANTED and Defendant's "Motion for Leave . . ." [Dkt. # 9] is DENIED.

IT IS FURTHER ORDERED that this matter is REMANDED to Wayne County Circuit Court.

          S/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: May 30, 2008

---

[4] In light of the court's conclusion this case was improperly removed due to a procedural defect, the court need not determine whether the LMRA preempts any of the Plaintiff's state law claims.

[5] For this reason, MGLLP's motion for leave to amend its notice of removal will be denied, as it was based on the mistaken argument that Jon-Jay had agreed to settle this matter prior to the removal.

6

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 30, 2008, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\08-11688.PETROS.Unanimity.Remand.wpd

7